UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAKEEVIS T. JACKSON                                                                    PETITIONER

VERSUS                                                          CIVIL ACTION NO. 3:24-CV-57-KHJ-RPM

WARDEN CORNELIUS TURNER                                                      RESPONDENT

## REPORT AND RECOMMENDATION

LaKeevis T. Jackson filed on January 30, 2024, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Newton County Circuit Court on a charge of statutory rape. Doc. [1]. On April 21, 2021, Jackson entered a guilty plea to one count of statutory rape. Doc. [23-1]. On May 26, 2021, the trial court sentenced him to 15 years in Mississippi of Department Corrections' custody, with five years suspended, ten years to serve, and five years of post-supervised release. Doc. [23-3]. As a result of the guilty plea, Jackson waived his right to appeal. As reflected in the State court records, Jackson has not filed a motion for post-conviction relief. Doc. [23] at 3. In his amended petition, Jackson acknowledges he has not filed any petitions, applications, or motions in state court. Doc. [9] at 3. Instead, Jackson filed on July 28, 2021, a federal habeas petition, which the Court dismissed based on Jackson's failure to exhaust state remedies. *See Jackson v. Newton County Sheriff's Office*, Civil Action No. 3:21-cv-495-KHJ-MTP.

Jackson then filed the instant § 2254 petition on January 30, 2024, with a signature date of January 29, 2024. He later filed an amended petition on May 9, 2024. Doc. [9]. In his petition, he asserts the following claims: (1) 270-day pre-trial rule; (2) ineffective assistance of trial counsel; and (3) request for military conscription instead of confinement. Before the Court

is Respondent's motion to dismiss arguing that Jackson's petition is time-barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. Doc. [23]. In the alternative, Respondent argues the petition should be dismissed because Jackson still has not exhausted state remedies. Jackson did file a response in opposition.

## Law and Analysis

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state circuit court sentenced Jackson pursuant to his guilty plea on May 26, 2021. By statute, there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. Accordingly, Jackson's conviction became final when the time for seeking direct review expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). Allowing for time to file a petition for writ of certiorari, Jackson's judgment became final for purposes of the AEDPA on

August 24, 2021—90 days after the trial court sentenced him pursuant to the guilty plea. *See Wallace v. State of Mississippi*, 43 F.4th 482, 497-500 (5th Cir. 2022). In other words, absent any statutory or equitable tolling, Jackson's deadline to file a timely § 2254 petition was August 24, 2022. Jackson did not file the instant petition until January 30, 2024 (with a signature date of January 29, 2024), approximately 17 months too late.

Jackson did not file any requests for post-conviction relief in state court. *See* Doc. [9] at 3; Doc. [23] at 3. Accordingly, he is not entitled to statutory tolling of the limitations period. Although Jackson is not entitled to statutory tolling, the Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649-54 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Equitable tolling is available if the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Jackson bears the burden of demonstrating he is entitled to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his petition, Jackson addressed the timeliness issue and states he was unable to meet the deadline because he is indigent, which made it difficult to obtain stamps and to "keep respondence [sic]." Doc. [9] at 13. However, he also admitted that "any delay in response is solely on my behalf." *Ibid.* Jackson filed his first § 2254 petition on July 28, 2021, which this Court dismissed based on Jackson's failure to exhaust state remedies. Thus, Jackson previously demonstrated an ability to file a petition within the limitations period. As pointed out by

3

Respondent, Jackson still has not sought post-conviction relief in state court prior to initiating the instant habeas petition. Therefore, his claims remain unexhausted.

Jackson's indigence, *pro se* status, and ignorance of the law do no justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Jackson fails to demonstrate that he pursued his rights diligently sufficient to explain the 17-month gap between the expiration of the limitations period and his habeas petition being filed. Nor has he identified some extraordinary circumstance that prevented him from timely filing a petition. He does not allege he was actively misled or prevented in some extraordinary way from asserting his rights. In sum, Jackson has failed to meet his burden as to equitable tolling. Thus, his petition is time-barred by the AEDPA's one-year limitation period.

## **Military Conscription**

Jackson requests that the Court conscript him into military service in lieu of serving the remainder of his criminal sentence. Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935. Jackson's request to be "conscripted" in the military does not implicate whether the underlying state court conviction and sentence were unconstitutional. It does not relate to the cause of his detention. This Court does not have the authority to convert his state prison sentence to military service. Furthermore, federal habeas relief cannot be granted unless the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Jackson does not possess any legal or constitutional right to military service instead of incarceration. Accordingly, his request is not properly brought under § 2254.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [23] Motion to Dismiss be GRANTED and that LaKeevis T. Jackson's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice as time barred.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 15th day of May 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE